## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

BLUEHIPPO FUNDING, LLC,
  a Maryland limited liability corporation, and
BLUEHIPPO CAPITAL, L.L.C.,
  a Nevada limited liability corporation

    **Plaintiffs,**

v.                                     C.A. No. 2:07 – 0399

DARRELL V. McGRAW, JR.,
  in his official capacity as ATTORNEY GENERAL
  of the STATE OF WEST VIRGINIA, and
JAMES ROBERT ALSOP,
  in his official capacity as SECRETARY
  of the DEPARTMENT OF REVENUE
  of the STATE OF WEST VIRGINIA,

    **Defendants.**

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs BlueHippo Funding, L.L.C. and BlueHippo Capital, L.L.C. (together "Plaintiffs" or "BlueHippo"), by counsel, pursuant to Fed. R. Civ. P. 8, hereby state as follows for their Complaint against Darrell V. McGraw, Jr., in his official capacity as Attorney General of the State of West Virginia (the "Attorney General"), and James Robert Alsop, in his official capacity as Secretary of the Department of Revenue of the State of West Virginia (the "Revenue Secretary") (collectively, "Defendants"):

### NATURE OF THE ACTION

1.    This is an action pursuant to 28 U.S.C. § 2201 for a declaration that certain provisions in Article 6F of the West Virginia Consumer Credit & Protection Act, W.Va. Code

§§ 46A-6F-101, *et seq.* constitute unlawful prior restraints on Plaintiffs' speech in violation of the First Amendment to the United States Constitution, are unjustifiably discriminatory in violation of Plaintiffs' rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and unduly burden interstate commerce in violation of the Commerce Clause of the United States Constitution. Plaintiffs therefore also seek to enjoin Defendants from enforcing or attempting to enforce those provisions against BlueHippo.

2. Alternatively, this is an action pursuant to 42 U.S.C. § 1983 for a declaration that certain provisions in Article 6F of the West Virginia Consumer Credit & Protection Act, W.Va. Code §§ 46A-6F-101, *et seq.* deprive BlueHippo of its rights under the United States Constitution because they constitute unlawful prior restraints on Plaintiffs' speech in violation of the First Amendment to the United States Constitution, are unjustifiably discriminatory in violation of Plaintiffs' rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and unduly burden interstate commerce in violation of the Commerce Clause of the United States Constitution. Plaintiffs therefore also seek to enjoin Defendants from enforcing or attempting to enforce those provisions against BlueHippo.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district, including the issuance of a subpoena from the Attorney General's offices and the

initiation of enforcement proceedings against Plaintiffs. Furthermore, the telemarketing registration and bonding requirements that Defendants seek to apply to BlueHippo, are administered by the Department of Revenue, which is also located in this judicial district.

## GENERAL ALLEGATIONS

### The Parties

5.     Plaintiff BlueHippo Funding, LLC is a Maryland limited liability corporation with its principal place of business in Baltimore, Maryland.

6.     Plaintiff BlueHippo Capital, LLC is a Nevada limited liability corporation with its principal place of business in Baltimore, Maryland.

7.     Defendant Darrell V. McGraw, Jr. is the Attorney General of the State of West Virginia. The Attorney General's main office, as well as the office of the Attorney General's Consumer Protection Division, is located in Kanawha County, West Virginia. Plaintiffs assert their claims herein against Defendant McGraw in his official capacity as Attorney General.

8.     Defendant James Robert Alsop is the Secretary of the Department of Revenue of the State of West Virginia (the "Revenue Department"). Pursuant to W.Va. Code § 11B-1-3 the Revenue Secretary controls the Revenue Department (formerly the Department of Tax and Revenue). The Revenue Department's main office is located in Kanawha County, West Virginia. Plaintiffs assert their claims herein against Defendant Alsop in his official capacity as Revenue Secretary.

### BlueHippo's Limited Advertisements

9.     BlueHippo offers to sell computers and other consumer electronics nationwide through advertisements on television and the Internet and in print.

10.     BlueHippo's national advertisements and Internet website include a telephone number for consumers to call if they wish to purchase a computer.

11.     BlueHippo did not and does not initiate calls to consumers – including West Virginia consumers.

12.     Rather, all West Virginia consumers with whom BlueHippo has attempted to enter or has entered into a transaction initiated the telephone contact to BlueHippo.

13.     BlueHippo has no office, call center, or other physical presence in West Virginia, nor does it have any employees in West Virginia.

14.     BlueHippo's contact from consumers in West Virginia is wholly though interstate telecommunication originated by those consumers.

15.     BlueHippo's transactions with West Virginia consumers therefore are wholly interstate in nature.

### The Unconstitutional Statutory Provisions

16.     Article 6F of the West Virginia Consumer Credit & Protection Act, W.Va. Code §§ 46A-6F-101, *et seq.*, contains provisions relating to the regulation of telemarketing activities.

17.     West Virginia Code § 46A-6F-113(a) defines a "[t]elemarketer" as "any person who initiates or receives telephone calls to or from a consumer in this state for the purpose of making a telemarketing solicitation . . . ."

18.     West Virginia Code § 46A-6F-112(a) defines a "telemarketing solicitation" to include "any communication between a telemarketer and a prospective purchaser for the purpose of selling or attempting to sell the purchaser any consumer goods or services, if it is intended by the telemarketer that an agreement to purchase the consumer goods or services will be made after . . .[t]he telemarketer communicates with a consumer by any means and invites or directs

4

the consumer to respond by any means to the telemarketer's communications, and the telemarketer intends to enter into an agreement with the consumer for the purchase of consumer goods or services at some time during the course of one or more subsequent telephone communications with the consumer."

19.     West Virginia Code § 46A-6F-301 requires all persons seeking to act as telemarketers in West Virginia to register with the West Virginia Department of Revenue at least 60 days before offering goods or services to consumers in West Virginia through any medium, and to pay certain application and renewal fees.

20.     West Virginia Code § 46A-6F-302 requires that an applicant seeking to register or renew as a telemarketer in West Virginia post a continuing surety bond executed by a fidelity and security insurance corporation licensed in West Virginia, in an amount between $100,000 and $500,000 for all such locations.  The Revenue Department must approve the bond before issuing a certificate of registration to a telemarketer.  Alternatively, an applicant may file an irrevocable letter of credit, certificate of deposit, cash, or Government bond in the same amount.

21.     West Virginia Code § 46A-6F-302 further requires the bond to provide that the telemarketer "will pay all damages to the State or a private person resulting from any unlawful act or action by the telemarketer or its agent in connection with the conduct of telemarketing activities."

22.     West Virginia Code § 46A-6F-303 provides for the imposition of a civil penalty up to $5,000 for the failure to register pursuant to W.Va. Code § 46A-6F-301 or the failure to comply with the security requirements in W.Va. Code § 46A-6F-302.

**Defendants' Attempts to Apply the Unconstitutional Provisions to BlueHippo**

23.     The West Virginia Consumer Credit & Protection Act, W.Va. Code §§ 46A-6F-303, 46A-6F-701, 46A-7-108, 46A-7-110, 46A-7-111, authorizes the Attorney General to seek injunctive and monetary relief for alleged violations of that statute, including the telemarketing provisions in Article 6F, and specifically, the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301, -302.

24.     The Attorney General has asserted that BlueHippo is subject to the telemarketing provisions in W.Va. Code Chapter 46A, Article 6F, and has specifically asserted that BlueHippo is required to comply with the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301, -302 before doing business with West Virginia consumers.

25.     The Attorney General has attempted to enforce those provisions against BlueHippo, and has sought, *inter alia*, to bar BlueHippo from engaging in the sale of consumer goods in West Virginia, to bar BlueHippo from seeking access to state or federal courts to enforce the obligations of West Virginia consumers, to void all transactions between BlueHippo and West Virginia consumers, to require BlueHippo to refund all monies paid by West Virginia consumers, and to impose civil penalties against BlueHippo.

## COUNT I
**(Declaratory and Injunctive Relief – Unlawful Prior Restraints)**

26.     BlueHippo restates and incorporates by reference the allegations contained in paragraphs 1 - 26 above as if fully set forth herein.

27.     West Virginia Code § 46A-6F-113(a) defines a telemarketer to include one who initiates *or* receives telephone calls from West Virginia consumers for the purpose of making a telemarketing solicitation.

6

28.     West Virginia Code § 46A-6F-112 in turn defines a "telemarketing solicitation" in pertinent part to include "any communication" between a telemarketer and a consumer for the purpose of selling or attempting to sell consumer goods or services, and defines "communication" to include written or oral advertisements transmitted from a telemarketer to a consumer "by any means."

29.     BlueHippo offers to sell its products through national advertisements on television and the Internet and in print, which include a toll-free number that consumers can call if they wish to make a purchase.

30.     BlueHippo did not and does not initiate calls to consumers – including West Virginia consumers – to attempt to sell its products.

31.     Rather, all West Virginia consumers with whom BlueHippo has attempted to enter or has entered into a transaction initiated the telephone contact to BlueHippo.

32.     The telemarketing provisions in Article 6F of the West Virginia Consumer Credit & Protection Act, W.Va. Code §§ 46A-6F-101, *et seq.*, including specifically the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302, administered by the Revenue Department, therefore apply to BlueHippo solely because BlueHippo publicized a telephone number for interested consumers to call.  The telemarketing provisions apply even though BlueHippo does nothing but receive such calls.

33.     BlueHippo's national advertisements and Internet website constitute protected commercial speech under the First Amendment to the United States Constitution.

34.     BlueHippo's advertisement of a toll-free contact number is lawful activity and is not misleading.

35.     There is no substantial state interest in imposing the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to regulate businesses like BlueHippo that advertise telephone numbers for a consumer to call if he or she wishes to initiate a purchase.

36.     The imposition of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 on businesses, like BlueHippo, that merely advertise telephone numbers for a consumer to initiate contact do not directly or materially advance any asserted governmental interest.

37.     The imposition of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 on businesses, like BlueHippo, that merely advertise telephone numbers for a consumer to initiate contact, is not narrowly tailored to achieve any asserted governmental interest.

38.     The requirements in W.Va. Code §§ 46A-6F-301 and 46A-6F-302 that BlueHippo register and post bond as a telemarketer, simply because it publishes advertisements that include a toll-free contact number, therefore constitute unlawful prior restraints on BlueHippo's speech in violation of the First Amendment to the United States Constitution.

39.     The Attorney General nonetheless has asserted that BlueHippo is required to comply with those registration and bonding requirements in order to do business with West Virginia consumers, and has attempted to enforce those provisions against BlueHippo.

40.     In attempting to enforce those provisions against BlueHippo, the Attorney General has sought, *inter alia*, to bar BlueHippo from engaging in the sale of consumer goods in West Virginia, to bar BlueHippo from seeking access to state or federal courts to enforce the obligations of West Virginia consumers, to void all transactions between BlueHippo and West

Virginia consumers, to require BlueHippo to refund all monies paid by West Virginia consumers, and to impose civil penalties against BlueHippo.

41.     An actual, present and justiciable controversy therefore exists concerning the constitutionality of applying the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to BlueHippo.

42.     Pursuant to 28 U.S.C. § 2201, BlueHippo asks this Court to declare that (a) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to BlueHippo constitutes an unlawful prior restraint on protected speech, in violation of the First Amendment to the United States Constitution, and (b) Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against BlueHippo in any manner.

### COUNT II
### (Declaratory and Injunctive Relief – Unlawful Discrimination)

43.     BlueHippo restates and incorporates by reference the allegations contained in paragraphs 1 - 26 above as if fully set forth herein.

44.     BlueHippo's national advertisements and Internet website constitute protected commercial speech under the First Amendment to the United States Constitution.

45.     The First Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibit unjustified discrimination in state regulation of protected speech – including protected commercial speech.

46.     Article 6F of the West Virginia Consumer Credit & Protection Act, W.Va. Code §§ 46A-6F-101, *et seq.*, contains at least 20 exemptions from the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302, administered by the Revenue Department.

47.     No governmental interest justifies the arbitrary and capricious differential treatment of BlueHippo's commercial speech, which purportedly is subject to the registration and bonding requirements, and the categories of commercial speech described in those multiple exemptions, which are not.

48.     The Attorney General nonetheless has asserted that BlueHippo is required to comply with the registration and bonding requirements in order to do business with West Virginia consumers, and has attempted to enforce those provisions against BlueHippo.

49.     In attempting to enforce those provisions against BlueHippo, the Attorney General has sought, *inter alia*, to bar BlueHippo from engaging in the sale of consumer goods in West Virginia, to bar BlueHippo from seeking access to state or federal courts to enforce the obligations of West Virginia consumers, to void all transactions between BlueHippo and West Virginia consumers, to require BlueHippo to refund all monies paid by West Virginia consumers, and to impose civil penalties against BlueHippo.

50.     An actual, present and justiciable controversy therefore exists concerning the constitutionality of applying the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to BlueHippo.

51.     Pursuant to 28 U.S.C. § 2201, BlueHippo asks this Court to declare that (a) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to BlueHippo constitutes unlawful discrimination in violation of the First Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and (b) Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against BlueHippo in any manner.

## COUNT III
### (Declaratory and Injunctive Relief – Undue Burden on Interstate Commerce)

52.    BlueHippo restates and incorporates by reference the allegations contained in paragraphs 1 - 26 above as if fully set forth herein.

53.    West Virginia Code § 46A-6F-113(a) defines a telemarketer to include one who initiates *or* receives telephone calls from West Virginia consumers for the purpose of making a telemarketing solicitation.

54.    West Virginia Code § 46A-6F-112 in turn defines a "telemarketing solicitation" in pertinent part to include "any communication" between a telemarketer and a consumer for the purpose of selling or attempting to sell consumer goods or services, and defines "communication" to include written or oral advertisements transmitted from a telemarketer to a consumer "by any means."

55.    BlueHippo offers to sell computers and other consumer electronics nationwide through advertisements on television and the Internet and in print.

56.    BlueHippo's national advertisements and Internet website include a telephone number for consumers to call if they wish to purchase a computer.

57.    BlueHippo did not and does not initiate calls to West Virginia consumers.

58.    BlueHippo has no office, call center, or other physical presence in West Virginia, nor does it have any employees in West Virginia.

59.    BlueHippo's contact from consumers in West Virginia is wholly though interstate telecommunication originated by those consumers.

60.    BlueHippo's transactions with West Virginia consumers are wholly interstate in nature.

11

61.     The telemarketing provisions in Article 6F of the West Virginia Consumer Credit & Protection Act, W.Va. Code §§ 46A-6F-101, *et seq.*, including specifically the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302, administered by the Revenue Department, therefore apply to BlueHippo solely because BlueHippo publishes national television advertisements and maintains an Internet website that include a telephone number and that may be viewed in West Virginia.

62.     Pursuant to the Commerce Clause of the United States Constitution, U.S. Const., Art. I, § 8, cl. 3, state regulation of commerce may not unduly burden interstate commerce.

63.     West Virginia Code §§ 46A-6F-301 and 46A-6F-302 require all persons seeking to act as telemarketers in West Virginia to register with the West Virginia Department of Tax and Revenue at least 60 days before offering goods or services to consumers in West Virginia through any medium, and to post a continuing surety bond in an amount between $100,000 and $500,000.

64.     The requirements in W.Va. Code §§ 46A-6F-301 and 46A-6F-302 that BlueHippo register with the Revenue Department and post bond, approved by the Revenue Department, as a telemarketer constitute an undue burden on interstate commerce.

65.     The Attorney General nonetheless has asserted that BlueHippo is required to comply with the registration and bonding requirements in order to do business with West Virginia consumers, and has attempted to enforce those provisions against BlueHippo.

66.     The Attorney General further has asserted that BlueHippo's failure to register as a telemarketer or to post bond results in every transaction between BlueHippo and a West Virginia customer being void.

67.     In attempting to enforce the registration and bonding provisions against BlueHippo, the Attorney General has sought, *inter alia*, to bar BlueHippo from engaging in the sale of consumer goods in West Virginia, to bar BlueHippo from seeking access to state or federal courts to enforce the obligations of West Virginia consumers, to void all transactions between BlueHippo and West Virginia consumers, to require BlueHippo to refund all monies paid by West Virginia consumers, and to impose civil penalties against BlueHippo.

68.     An actual, present and justiciable controversy therefore exists concerning the constitutionality of applying the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to BlueHippo.

69.     Pursuant to 28 U.S.C. § 2201, BlueHippo asks this Court to declare that (a) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to BlueHippo constitutes an undue burden on interstate commerce in violation of the Commerce Clause of the United States Constitution, and (b) Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against BlueHippo in any manner.

### COUNT IV
### (Section 1983 Claim – Violation of First Amendment Rights)

70.     BlueHippo restates and incorporates by reference the allegations contained in paragraphs 1 - 26 above as if fully set forth herein.

71.     The Attorney General seeks to apply the telemarketing provisions in Article 6F of the West Virginia Consumer Credit & Protection Act, W.Va. Code §§ 46A-6F-101, *et seq.*, including specifically the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 and administered by the Revenue Department, to BlueHippo solely because BlueHippo publicized a telephone number for interested consumers to call.   The

Attorney General seeks to apply the telemarketing provisions even though BlueHippo does nothing but receive such calls.

72.     BlueHippo's national advertisements and Internet website constitute protected commercial speech under the First Amendment to the United States Constitution.

73.     The imposition of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 on businesses, like BlueHippo, that merely advertise telephone numbers for a consumer to initiate contact, is not narrowly tailored to achieve any asserted governmental interest.

74.     The requirements in W.Va. Code §§ 46A-6F-301 and 46A-6F-302 that BlueHippo register and post bond as a telemarketer, simply because it publishes advertisements that include a toll-free contact number, therefore constitute unlawful prior restraints on BlueHippo's speech in violation of the First Amendment to the United States Constitution.

75.     The Attorney General nonetheless has asserted that BlueHippo is required to comply with those registration and bonding requirements, administered by the Revenue Department, in order to do business with West Virginia consumers, and has attempted to enforce those provisions against BlueHippo, including an attempt to bar BlueHippo from engaging in the sale of consumer goods in West Virginia, to bar BlueHippo from seeking access to state or federal courts to enforce the obligations of West Virginia consumers, to void all transactions between BlueHippo and West Virginia consumers, to require BlueHippo to refund all monies paid by West Virginia consumers, and to impose civil penalties against BlueHippo.

76.     Therefore, Defendants, under color of state law, are attempting to deprive Plaintiffs of their constitutional rights in violation of 42 U.S.C. § 1983.

77.    Pursuant to 42 U.S.C. § 1983, BlueHippo asks this Court to declare that (a) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to BlueHippo constitutes an unlawful prior restraint on protected speech, in violation of BlueHippo's rights under the First Amendment to the United States Constitution, and (b) Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against BlueHippo in any manner.

## COUNT V
### (Section 1983 Claim – Violation of First and Fourteenth Amendment Rights)

78.    BlueHippo restates and incorporates by reference the allegations contained in paragraphs 1 - 26 above as if fully set forth herein.

79.    BlueHippo's national advertisements and Internet website constitute protected commercial speech under the First Amendment to the United States Constitution.

80.    The First Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibit unjustified discrimination in state regulation of protected speech – including protected commercial speech.

81.    Article 6F of the West Virginia Consumer Credit & Protection Act, W.Va. Code §§ 46A-6F-101, *et seq.*, contains at least 20 exemptions from the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302, administered by the Revenue Department.

82.    No governmental interest justifies the arbitrary and capricious differential treatment of BlueHippo's commercial speech, which purportedly is subject to the registration and bonding requirements, and the categories of commercial speech described in those multiple exemptions, which are not.

83.    The Attorney General nonetheless has asserted that BlueHippo is required to comply with the registration and bonding requirements, administered by the Revenue Department, in order to do business with West Virginia consumers, and has attempted to enforce those provisions against BlueHippo.

84.    In attempting to enforce those provisions against BlueHippo, the Attorney General has sought, *inter alia*, to bar BlueHippo from engaging in the sale of consumer goods in West Virginia, to bar BlueHippo from seeking access to state or federal courts to enforce the obligations of West Virginia consumers, to void all transactions between BlueHippo and West Virginia consumers, to require BlueHippo to refund all monies paid by West Virginia consumers, and to impose civil penalties against BlueHippo.

85.    Therefore, Defendants, under color of state law, are attempting to deprive Plaintiffs of their constitutional rights in violation of 42 U.S.C. § 1983.

86.    Pursuant to 42 U.S.C. § 1983, BlueHippo asks this Court to declare that (a) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to BlueHippo constitutes unlawful discrimination in violation of Blue Hippo's rights under the First Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and (b) Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against BlueHippo in any manner.

## COUNT VI
### (Section 1983 Claim – Violation of Rights Secured by the Commerce Clause)

87.    BlueHippo restates and incorporates by reference the allegations contained in paragraphs 1 - 26 above as if fully set forth herein.

16

88.     West Virginia Code § 46A-6F-113(a) defines a telemarketer to include one who initiates *or* receives telephone calls from West Virginia consumers for the purpose of making a telemarketing solicitation.

89.     West Virginia Code § 46A-6F-112 in turn defines a "telemarketing solicitation" in pertinent part to include "any communication" between a telemarketer and a consumer for the purpose of selling or attempting to sell consumer goods or services, and defines "communication" to include written or oral advertisements transmitted from a telemarketer to a consumer "by any means."

90.     BlueHippo offers to sell computers and other consumer electronics nationwide through advertisements on television and the Internet and in print.

91.     BlueHippo's national advertisements and Internet website include a telephone number for consumers to call if they wish to purchase a computer.

92.     BlueHippo did not and does not initiate calls to West Virginia consumers.

93.     BlueHippo has no office, call center, or other physical presence in West Virginia, nor does it have any employees in West Virginia.

94.     BlueHippo's contact from consumers in West Virginia is wholly though interstate telecommunication originated by those consumers.

95.     BlueHippo's transactions with West Virginia consumers are wholly interstate in nature.

96.     The telemarketing provisions in Article 6F of the West Virginia Consumer Credit & Protection Act, W.Va. Code §§ 46A-6F-101, *et seq.*, including specifically the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302, administered by the Revenue Department, therefore apply to BlueHippo solely because BlueHippo publishes national

television advertisements and maintains an Internet website that include a telephone number and that may be viewed in West Virginia.

97.     Pursuant to the Commerce Clause of the United States Constitution, U.S. Const., Art. I, § 8, cl. 3, state regulation of commerce may not unduly burden interstate commerce.

98.     West Virginia Code §§ 46A-6F-301 and 46A-6F-302 require all persons seeking to act as telemarketers in West Virginia to register with the West Virginia Department of Tax and Revenue at least 60 days before offering goods or services to consumers in West Virginia through any medium, and to post a continuing surety bond in an amount between $100,000 and $500,000.

99.     The requirements in W.Va. Code §§ 46A-6F-301 and 46A-6F-302 that BlueHippo register with the Revenue Department and post bond, approved by the Revenue Department, as a telemarketer constitute an undue burden on interstate commerce.

100.    The Attorney General nonetheless has asserted that BlueHippo is required to comply with the registration and bonding requirements in order to do business with West Virginia consumers, and has attempted to enforce those provisions against BlueHippo.

101.    The Attorney General further has asserted that BlueHippo's failure to register as a telemarketer or to post bond results in every transaction between BlueHippo and a West Virginia customer being void.

102.    In attempting to enforce the registration and bonding provisions against BlueHippo, the Attorney General has sought, *inter alia*, to bar BlueHippo from engaging in the sale of consumer goods in West Virginia, to bar BlueHippo from seeking access to state or federal courts to enforce the obligations of West Virginia consumers, to void all transactions

between BlueHippo and West Virginia consumers, to require BlueHippo to refund all monies paid by West Virginia consumers, and to impose civil penalties against BlueHippo.

103.    Therefore, Defendants, under color of state law, are attempting to deprive Plaintiffs of their constitutional rights in violation of 42 U.S.C. § 1983.

104.    Pursuant to 42 U.S.C. § 1983, BlueHippo asks this Court to declare that (a) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to BlueHippo constitutes an undue burden on interstate commerce in violation of the Commerce Clause of the United States Constitution, and (b) Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against BlueHippo in any manner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BlueHippo Funding, L.L.C. and BlueHippo Capital, L.L.C. respectfully request that the Court enter judgment in their favor as follows:

A.    On Count I, for a declaratory judgment in favor of Plaintiffs and against Defendants, declaring that (1) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to Plaintiffs constitutes an unlawful prior restraint on protected speech, in violation of the First Amendment to the United States Constitution, and (2) the Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against Plaintiffs in any manner.

B.    On Count II, for a declaratory judgment in favor of Plaintiffs and against Defendants, declaring that (1) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to Plaintiffs constitutes unlawful discrimination in violation of the First Amendment to the United States Constitution

and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and (2) the Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against Plaintiffs in any manner.

C.   On Count III, for a declaratory judgment in favor of Plaintiffs and against Defendants, declaring that (1) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to Plaintiffs constitutes an undue burden on interstate commerce in violation of the Commerce Clause of the United States Constitution, and (2) the Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against Plaintiffs in any manner.

D.   On Count IV, for a declaratory judgment in favor of Plaintiffs and against Defendants, declaring that (1) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to Plaintiffs deprives Plaintiffs of their constitutional rights because it constitutes an unlawful prior restraint on protected speech, in violation of the First Amendment to the United States Constitution, and (2) the Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against Plaintiffs in any manner.

E.   On Count V, for a declaratory judgment in favor of Plaintiffs and against Defendants, declaring that (1) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to Plaintiffs deprives Plaintiffs of their constitutional rights because it constitutes unlawful discrimination in violation of the First Amendment to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and (2) the

Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against Plaintiffs in any manner.

F.      On Count VI, for a declaratory judgment in favor of Plaintiffs and against Defendants, declaring that (1) the application of the registration and bonding requirements contained in W.Va. Code §§ 46A-6F-301 and -302 to Plaintiffs deprives Plaintiffs of their constitutional rights because it constitutes an undue burden on interstate commerce in violation of the Commerce Clause of the United States Constitution, and (2) the Defendants therefore are enjoined from enforcing or attempting to enforce those provisions against Plaintiffs in any manner.

G.      An award to Plaintiffs, pursuant to 42 U.S.C. § 1988, of their reasonable attorneys' and experts' fees incurred in seeking to enforce 42 U.S.C. § 1983.

H.      On all counts, for such other and further relief as the Court deems necessary and appropriate.

Respectfully submitted,

**BLUEHIPPO FUNDING, LLC and
BLUEHIPPO CAPITAL, LLC**
By Counsel

/s/ Kara L. Cunningham
Kara L. Cunningham (WVSB #8148)
Russell D. Jessee (WVSB #10020)
STEPTOE & JOHNSON, PLLC
Chase Tower – Eighth Floor
P.O. Box 1588
Charleston, West Virginia 25326-1588
Kara.Cunningham@steptoe-johnson.com
Russell.Jessee@steptoe-johnson.com
Telephone:      (304) 353-8189
Telecopier:     (304) 353-8180

Charles Lee Eisen, Esq.
Nicholas G. Terris, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, NW
Washington, D.C.  20006-1600
Telephone:     (202) 778-9000
Telecopier:     (202) 778-9100
  *Counsel for Plaintiffs BlueHippo Funding, LLC
  and BlueHippo Capital LLC*